IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IVY LEE GREEN,<br>TDCJ ID No. 01888255, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| V. | )<br>) | CIVIL ACTION NO.<br>1:15-CV-00210-BL |
| ROCKY MOORE, Warden,<br>TDCJ Middleton Unit, *et al.*, | )<br>)<br>)<br>) | |
| Defendants. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge. (Doc. 7.) Although the parties were informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), not all parties have consented, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

## BACKGROUND/ADDRESS OF RECORD

Plaintiff Ivy Lee Green, acting *pro se*, filed a civil complaint to initiate this action in 2015 with the listing of an address in the Texas Department of Criminal Justice (TDCJ)–Boyd Unit in Teague, Texas. Complaint 1 (doc. 1). Later in the proceedings, Green filed a Notice of Change of Address, informing the Court that his then new address was at the TDCJ–Michael Unit in Tennessee Colony, Texas. (Doc. 22.) Recently, Defendant Christopher Escobar appeared in the case through the filing of a motion to dismiss, and noted therein that Plaintiff Ivy Green is no longer incarcerated. Mot. Dismiss 1, n.1 (doc. 50.) Court staff review of the TDCJ Offender Registry website now shows

that Ivy Lee Green, TDCJ No. 01888255 is no longer in the TDCJ offender registry. *See* https://offender.tdcj.texas.gov/OffenderSearch.action;jsessionif=39de3fad1dcc484d search for Ivy lee Green, TDCJ number 10888255, last searched July 19, 2018. Furthermore, Court staff telephone contact with the TDCJ–Classification and Records office confirms that Green discharged his maximum sentence and was released from TDCJ on April 23, 2018. But Green has not further updated his address of record with the Court. The address of record as of this date is still the TDCJ Michael Unit address.

Under the local civil rules of this Court, Plaintiff is obligated to keep the Court apprised of his current address. *See* N.D. TEX. CIV. R. 1.1(c)(2), 83.13 & 83.14. Near the commencement of the case, the Court issued a document entitled "Instructions to a Prisoner *Pro Se* Plaintiff," which included the notice: "Address change - You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written notice of address in your case." Notice and Instructions to Parties 1 (doc. 4.) Furthermore, the instructions contained in the form civil-rights complaint signed by Green informed him of his obligation to keep his address current:

> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Complaint 3 (doc. 1.) Moreover, in a "declaration" section at the end of the complaint Ivy Green subscribed to the statement: "I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Complaint 7, declaration 2 (doc. 1.)

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Green has failed to keep the Court apprised of his current address as required by the local rules, *see* N. D. Tex. Civ. R. 1.1(c)(2), 83.13 and 83.14, and in direct conflict with the instructions provided to him, it appears that he no longer desires to pursue his claims in this cause, such that the remaining claims in this case should be dismissal for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that all Plaintiff's remaining claims in this case be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file

specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed July 20, 2018.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE